Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

Orlando Division

| | |
|---|---|
| Andrew K. O'Hazo <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br><br> Lloyd J. Austin III, Secretary, Department of Defense <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 6:21-cv-1010-PGB-LRH <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Andrew K. O'Hazo |
   | Street Address | 145 Dorset Lane |
   | City and County | Satellite Beach, Brevard County |
   | State and Zip Code | FL 32937 |
   | Telephone Number | 321-586-9451 |
   | E-mail Address | andyohazo@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: Lloyd J. Austin III
- Job or Title *(if known)*: Secretary, Department of Defense
- Street Address: 1000 Defense Pentagon
- City and County: Washington
- State and Zip Code: DC 20301-1000
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Defense Contract Audit Agency |
| Street Address | 6767 N. Wickham Road, suite 507 |
| City and County | Melbourne |
| State and Zip Code | FL 32940 |
| Telephone Number | 571-448-2191 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes (check all that apply):

- ☒ Failure to hire me.
- ☒ Termination of my employment.
- ☒ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts (specify): Harassment

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
Various dates from July 17, 2017 up to and including September 23, 2018

C. I believe that defendant(s) (check one):
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my (check all that apply and explain):
- ☐ race
- ☐ color
- ☒ gender/sex
- ☐ religion
- ☐ national origin
- ☒ age (year of birth) 1948    (only when asserting a claim of age discrimination.)
- ☐ disability or perceived disability (specify disability)

E. The facts of my case are as follows. Attach additional pages if needed.

This Case Number DCAA CE20-006 was separated from Case DCAA CE20-003 and dismissed by DCAA-EEO. The facts of the separated case are as follows;

CLAIM: Between January 15, 2020 and February 13, 2020, I learned I was discriminated against based on age (DOB: 1948), sex (Male) and reprisal for EEO activity when on September 23, 2019, you were constructively discharged by Ms. Angela Moomand, Regional Special Programs Manager.

On May 12, 2020, Aggrieved requested to add claims. Aggrieved was interviewed on May 12, 2020, and he stated the following in substance: He alleges he was subjected to discrimination, harassment (non-sexual) and a hostile work environment based on his age (71 years old, DOB: July 10, 1948), sex (male), and reprisal (Prior EEO activity-Case Number: E13-007, October 2013) when: Claim 20: On an unspecified date in October 2017 and continuing until September 23, 2019, he was prohibited from submitting requests to the Information Technology (IT) Help Desk. He states in October 2017, the Melbourne office migrated to Windows 10 and he began to experience problems with his computer. He states he informed Supervisory Auditors Donald Marn, Allison Adams and Norman Schwartz about his computer issues and they all ignored him, and at times commented that no one else was having computer problems. He states Supervisory 6Andrew O'Hazo CASE NUMBER: DCAA-CASE-C20-003 Page No: 7 Auditor Schwartz instructed him not to submit help request tickets to IT. Aggrieved states his computer issues continued until his last day of work, September 23, 2019. Claim 21: On unspecified dates in October 2017, Supervisory Auditor Donald Marn attempted to bully him to retire. He states on unspecified dates in October 2017, Supervisory Auditor Marn told him that he should consider retiring to avoid being rated as "Unacceptable" and being placed on a Performance Improvement Plan (PIP). Claim 22: On an unspecified date in October 2018, Supervisory Auditor Allison Adams issued him an interim rating of "Unsuccessful." He states Supervisory Auditor Adams gave him a rating of "Unsuccessful" for the performance period of April 1, 2018 through August 31, 2018. He states the rating is unwarranted and that while under her temporary supervision, she micro-managed him, made derogatory remarks about his performance, gave him inappropriate guidance, and told him that at a later date he was going to be placed on a PIP. Claim 23: On an unspecified date in December 2018, Supervisory Auditor Swartz assigned him to an undesirable cubicle. He states cubicle hoteling is the practice in the Melbourne office, therefore cubicles are not assigned. He states he always chose a cubicle on the right side of the building because the left side of the building is always extremely hot, commonly reaching temperatures in the high 80's. He states on an unspecified date in December 2018, Supervisory Auditor Schwartz permanently assigned him to a cubicle on the left side of the building. Aggrieved states he objected to the cubicle assignment, but Supervisory Auditor Swartz would not allow him to move to a cubicle on the right side. Claim 24: On January 10, 2019, Branch Manager Michelle Ramsey placed him on a Performance Improvement Plan (PIP). He states when on January 10, 2019, Branch Manager Ramsey placed him on the PIP, she advised him that he was subject to removal from Federal service if he failed to successfully complete the PIP. Claim 25: On June 27, 2019, Supervisory Auditor Candace Breeden deemed his PIP performance as "Unacceptable." He states his 90-day PIP was administered by Supervisory Auditor Candace Breeden. He states Supervisory Auditor Breeden did not assist him to perform successfully during the PIP. He states Supervisory Auditor gave him conflicting instructions and wrong instructions when she told him to utilize comments and notes in lieu of the PSSC format as stated in the CAM 4-403. He states she also failed to give him timely feedback. 7Andrew O'Hazo CASE NUMBER: DCAA-CASE-C20-003 Page No: 8 Claim 26: On July 29, 2019, he was issued a Proposal to Remove by Branch Manager Ramsey. He states the July 29, 2019, Proposal to Remove from Branch Manager Ramsey is based on Supervisory Auditor Breeden's rating of "Unacceptable." Aggrieved states this action is not based in truth because his performance was "Fully Successful" during the PIP. Claim 27: On September 23, 2019, he was constructively discharged by Regional Special Programs Manager Angela Moomand. He states he provided deciding official, Angela Moomand, with a detailed written response to Branch Manager Ramsey's Notice of Proposal to Remove. He states Ms. Moomand obviously ignored the facts of his "Fully Successful" performance because she decided against him and on September 23, 2019, she issued a Decision to Remove, effective September 23, 2019, for Unacceptable Performance. He states Ms. Moomand offered him resignation in lieu of termination, he accepted the offer of resignation and they both signed an Agreement on September 23, 2019. He states on September 30, 2019, he sent Human Resources an email retracting the

agreement as of September 26, 2019. Claim 28: On September 23, 2019, Human Resources created a Standard Form 50-B reflecting Removal instead of Retirement. He states on September 23, 2019, he chose retirement as opposed to resigning and he completed and submitted his retirement package to Human Resources. He states Human Resources provide him with a Standard Form 50-B, Notification of Personnel Action indicating removal effective September 23, 2019. He states as of December 13, 2019, Human Resources had not provided him with a SF 50-B reflecting retirement. He states the current SF 50 reflecting removal creates an obstruction to applying for positions advertised on USAJOBS. Claim 29. On January 31, 2020, Regional Director Diana Graff issued an unfavorable response to the Step 3 Grievance filed on his behalf by the Union. He states on December 13, 2019, his union filed a grievance with Regional Director Graff regarding the September 23, 2019, Removal for Unacceptable Performance, and various other employment matters. He states on January 31, 2020, Regional Director Graff issued a decision to deny the grievance and the requested remedies.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

February 14, 2020

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 3/15/2021.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Aggrieved wants to be returned to the Agency as a GS-13 Supervisory Auditor at a location in Florida within a comfortable commuting distance of his residence. Aggrieved is also asking for back pay and associated benefits from Januaryy1, 2018 to the present date.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    6/14/2021

Signature of Plaintiff    *Andrew K. O'Hazo*

Printed Name of Plaintiff    Andrew K. O'Hazo

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address