**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANDREW K. O'HAZO,

       Plaintiff,

v.                                            Case No:   6:21-cv-1010-PGB-LHP

SECRETARY, DEPARTMENT OF
DEFENSE,

       Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL DISCOVERY INTERROGATORIES TIME SENSITIVE (Doc. No. 59)**
>
> **FILED:** March 13, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff moves to compel Defendant to provide "correct[] and appropriate" answers to his interrogatories and to produce additional documents in response to his requests for production. Doc. No. 59; *see also* Doc. Nos. 59-1, 59-2. Plaintiff

served the discovery at issue on Defendant on October 16, 2022, and Defendant provided responses on November 16, 2022. Doc. Nos. 59-1, 59-2. Notably, the discovery deadline initially elapsed in this matter on November 1, 2022. *See* Doc. No. 30, at 1.

Defendant opposes the motion to compel. Doc. No. 60. While noting that Plaintiff's motion is devoid of legal authority, Defendant's response suffers the same deficiency, and is peppered with unsupported claims of unethical behavior on the part of Plaintiff. *Id.* But, fortunately for Defendant, at least two of its arguments require denial of the motion to compel.

First, given that Plaintiff served the discovery requests on October 16, 2022, and discovery initially closed on November 1, 2022, the discovery itself was untimely at the time it was served. *See* Doc. No. 30, at 5 ("Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline."). A subsequent amendment to the Case Management and Scheduling Order in February 2023 does not change this result – particularly in light of the fact that Plaintiff never requested an extension of the discovery deadline. *See* Doc. No. 55.

Second, Defendant states that "there are no additional records or information to produce" in response to the discovery requests at issue. Doc. No. 60, at 2. Based on this statement, the motion is due to be denied. *See O'Reilly v. Home Servs.*

- 2 -

*by McCue of N. Fla. Inc.*, No. 3:17-cv-592-J-34JBT, 2017 WL 10923854, at *2 (M.D. Fla. Oct. 26, 2017) ("[T]he Court 'cannot compel a party to . . . produce documents that it does not have in its possession, custody, or control,' or 'documents that do not exist.'" (quoting *Thermoset Corp. v. Building Materials Corp. of Am.*, No. 4-60268-CIV, 2014 WL 6473232, at *4–5 (S.D. Fla. Nov. 18, 2014))).

Accordingly, Plaintiff's Motion to Compel Discovery Interrogatories Time Sensitive (Doc. No. 59) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties